IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-462-D

ROBERT JOSEPH MORGAN,              )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      **ORDER**
                                    )
BRITTANY WOODS HOMEOWNERS           )
ASSOCIATION, INC., TALIS            )
MANAGEMENT GROUP, INC., et al.,     )
                                    )
            Defendants.             )

On July 24, 2012, Robert Joseph Morgan ("Morgan"), proceeding pro se, filed this action against defendants Brittany Woods Homeowners Association, Inc. ("BWHA"), Talis Management Group, Inc. ("TMGI"), Richard A. Black, Theodora E. Black, Dennis Dewitt Lucas, and Betty Vanessa Watkins [D.E. 4]. The Blacks, Lucas, and Watkins are neighbors of Morgan in a townhouse complex in Raleigh, North Carolina. Id. Morgan has on-going disputes with these neighbors about parking in the community. Morgan alleges that the parking disputes have led to arguments, threats, and petty vandalism among the neighbors. BWHA is the homeowners association in the townhouse complex, and TMGI is the private management company of BWHA. Id. Morgan has complained about his neighbors to the Raleigh Police Department, BWHA, and TMGI, but remains unhappy. See id.

Morgan summarizes his cause of action in paragraph four of the complaint. He states:

Acts complained of in this case are deprivation of rights (42 U.S.C. § 1983: US code-section 1983) and privileges in common area of a managed community and breach of fiduciary duty involving use of, nuisance and enjoyment of a private managed common areas shared: parking areas, woods, and park setting, with mail box and

trash/recycling bins in common area of Daltrey Court in Brittany Woods Townhomes, Common areas owned and deeded in Wake County, State of North Carolina to: Brittany Woods Homeowners Association, Inc. And managed by Talis Management Group, Inc.

Id. ¶ 4.

On November 26, 2012, BWHA and TMGI filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 25]. See Fed. R. Civ. P. 12(b)(6). BWHA and TMGI contend that Morgan had failed to plausibly allege that they are state actors; therefore, Morgan's section 1983 claim against them fails to state a claim upon which relief can be granted. See [D.E. 26]. On February 8, 2013, Morgan filed an incoherent response in opposition [D.E. 31].

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In construing Morgan's complaint, the court has considered his pro se status and held the complaint to a less stringent standard than a pleading drafted by a lawyer. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). Nonetheless, Morgan still must comply with the Federal Rules of Civil Procedure. See id.; Iqbal, 556 U.S. at 678; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 150–51 (1984) (per curiam). Moreover, in considering a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See, e.g., Iqbal, 556 U.S. at 678.

A person seeking to pursue a section 1983 claim must plausibly allege "that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and the laws of the United States,

2

and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). "[M]erely private conduct, no matter how discriminatory or wrongful, fails to qualify as state action." Id. at 181 (citations and quotations omitted). A private party is considered a state actor under 42 U.S.C. § 1983 if "the deprivation [is] caused by the exercise of some right of privilege created by the State . . . [and] the party charged with the deprivation [is] a person who may be fairly said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999); West v. Atkins, 487 U.S. 42, 48–49 (1988).

BWHA and TMGI are private entities. Essentially, Morgan alleges that BWHA and TMGI should have done more than refer him to the Raleigh Police Department in order to resolve his ongoing disputes with his neighbors. This allegation about the behavior of BWHA and TMGI, however, falls well short of constituting state action. See, e.g., Lugar, 457 U.S. at 937; Phillips, 572 F.3d at 180–81; Moore v. Williamsburg Reg'l Hosp., 560 F.3d 166, 178 (4th Cir. 2009); Jennings v. Univ. of N.C., 482 F.3d 686, 701 (4th Cir. 2007) (en banc); Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006); Mentavlos v. Anderson, 249 F.3d 301, 310–16 (4th Cir. 2001); Goldstein v. Chestnut Ridge Vol. Fire Co., 218 F.3d 337, 341–49 (4th Cir. 2000); DeBauche v. Trani, 191 F.3d 499, 506–09 (4th Cir. 1999); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658–60 (4th Cir. 1998); S.P. v. City of Takoma Park, 134 F.3d 260, 269 (4th Cir. 1998); Andrews v. Fed. Home Loan Bank of Atlanta, 998 F.2d 214, 219–20 (4th Cir. 1993). Thus, Morgan has failed to state a claim under 42 U.S.C. § 1983 against BWHA and TMGI (or any other defendant), and the court grants the motion to dismiss. The court declines to exercise supplemental jurisdiction over any state law claims against any of the defendants. See 28 U.S.C. § 1367(c)(3). Accordingly, the court dismisses any such state law claims without prejudice.

3

In sum, the court GRANTS BWHA's and TMGI's motion to dismiss [D.E. 25] and declines to exercise supplemental jurisdiction over any state law claims against any defendants. See 28 U.S.C. § 1367(c)(3). Moreover, the court DENIES Morgan's motion for a temporary restraining order [D.E. 32]. Morgan may seek to pursue any state law claims against any defendant in state court.

SO ORDERED. This 4 day of April 2013.

JAMES C. DEVER III
Chief United States District Judge